Sandoval-Flores v. Barr

BIA
Weisel, IJ
A206 805 724/722

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

CLAUDIA INES SANDOVAL-FLORES,
YANCY PAOLA SANDOVAL-FLORES,
> *Petitioners,*

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-1469
NAC

| | |
|---|---|
| **FOR PETITIONERS:** | Steven Lyons, Martin C. Liu & Associates, PLLC, New York, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Claudia Ines Sandoval-Flores ("Sandoval-Flores") and Yancy Paola Sandoval-Flores, natives and citizen of El Salvador, seek review of an April 6, 2017, decision of the BIA affirming a July 27, 2016, decision of an Immigration Judge ("IJ") denying Sandoval-Flores's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Claudia Ines Sandoval-Flores, Yancy Paola Sandoval-Flores*, No. A 206 805 724/722 (B.I.A. Apr. 6, 2017), *aff'g* No. A 206 805 724/722 (Immig. Ct. N.Y. City Jul. 27, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings under the substantial evidence standard, . . . [and] review legal questions, and the application of law to fact, de novo." *Gjolaj v. Bureau of*

*Citizenship and Immig. Servs.*, 468 F.3d 140, 142 (2d Cir. 2006) (internal citations omitted).

Asylum and Withholding of Removal

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A). We review the agency's nexus finding for substantial evidence. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Gjolaj*, 468 F.3d at 143. The record does not compel the conclusion that MS-13's threats against Sandoval-Flores were motivated by a protected ground. *See Elias-Zacarias*, 502 U.S. at 483.

Sandoval-Flores testified that an MS-13 member came to her home and threatened to kill her and her family if she did not pay a $100 monthly extortion payment. She initially testified that she believed she was targeted because she had siblings who lived in the United States. But she also stated that her mother's cousins are police officers and that, because El Salvador is small country, it was possible that the gang members knew of that family connection. But Sandoval-Flores did not testify that the gang member who

3

threatened her ever mentioned her cousins or their profession. The anonymous letter similarly made no mention of Sandoval-Flores's cousins, her familial relationship to police officers, or her relatives living in the United States. As such, her testimony as to MS-13's motives was speculative and did not establish that she was or would be targeted on account of any familial relationships. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best.").

Nor could her perceived wealth establish a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F. 3d 70, 72-74 (2d Cir. 2007) (explaining that wealth or affluence is "highly relative and subjective" and not an appropriate metric for a particular social group). Moreover, although the record reflects that El Salvador is a violent country with pervasive gang activity, neither high crime rates nor status as a crime victim alone do not demonstrate a basis for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (explaining that "general crime conditions" do not lend support to an asylum claim because they are not an "enumerated ground"). Given the lack of evidence that Sandoval-Flores was singled out on

4

account of a protected ground, the agency did not err in denying asylum and withholding of removal. *See Elias-Zacarias*, 502 U.S. at 483; *Gjolaj*, 468 F.3d at 143.

The agency's nexus finding is dispositive of Sandoval-Flores's eligibility for asylum and withholding of removal irrespective of credibility. As such, we need not reach her argument that the administrative record is missing evidence corroborating the incident she omitted from her application. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

CAT Relief

An applicant for CAT relief must show "that it is more likely than not" that she will be tortured. *See* 8 C.F.R. § 1208.16(c)(2); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the likely harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting

5

torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *Khouzam*, 361 F.3d at 171 (Acquiescence occurs where "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."). In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). To meet her burden of proof, an applicant for CAT relief must establish that someone in her "particular alleged circumstances" is more likely than not to be tortured. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

Sandoval-Flores argues that the agency ignored country reports and testimony and failed to analyze the merits of her claim, and that the Salvadoran government acquiesced in her torture by failing to apprehend the individual who threatened her. These arguments are without merit. First, both the BIA

6

and IJ explicitly addressed CAT relief and concluded that Sandoval-Flores failed to meet her burden.  Second, her testimony demonstrated that the police acted on her complaint by canvassing her neighborhood for suspects and identified the perpetrator based on Sandoval-Flores's description.  The fact that the police did not arrest that individual does not alone establish government acquiescence.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").  Third, the record does not compellingly suggest that the agency ignored evidence.  "[W]e do not demand that the BIA "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), and we "presume that [the agency] has taken into account all the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).  Although the agency did not explicitly address the country conditions evidence, given Sandoval-Flores's testimony about the police response

7

and investigation of her complaint, the record does not compellingly suggest that the agency ignored any evidence.

Denial of Remand

Sandoval-Flores argues that the BIA abused its discretion in declining to remand for consideration of new evidence. "We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion, and will find such abuse if 'the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and the BIA has "broad discretion" to deny "such a motion unless the movant has met the heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Id.* at 156 (internal quotation marks omitted). The BIA did not abuse its discretion in denying Sandoval Flores's motion because the

evidence would not have altered the result in her case.

Sandoval-Flores submitted three documents in support of remand: (1) a police report documenting her mother's complaint that on August 9, 2016, three MS-13 gang members forced their way into her home, questioned and assaulted her, and threatened to kill Sandoval-Flores; (2) an August 9, 2016, medical report that her mother was treated on August 7 for injuries following an attack by three men; and (3) a hospital letter confirming that her mother suffered strokes on two unspecified occasions. Sandoval-Flores argues that this evidence rehabilitates her credibility and corroborates her fear of future persecution from MS-13.

Assuming arguendo that Sandoval-Flores's new evidence could rehabilitate her credibility, the BIA did not abuse its discretion by concluding that the evidence would not have altered the result in the case. *Li Yong Cao*, 421 F.3d at 156. Specifically, the agency's nexus finding would be undisturbed by the new evidence given that it is silent as to MS-13's motivation. Nor does the new evidence alter the agency's CAT determination because there is no indication that the Salvadoran government would not respond to the threat. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Because the agency's nexus finding is dispositive for asylum and withholding of removal, and Sandoval-Flores failed to meet her burden for CAT relief, we do not reach the agency's other findings. *See Bagamasbad*, 429 U.S. at 25.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

10